IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRIS UMBERGER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00643 |
| | ) | |
| v. | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| JOHNNY BILLITER, | ) | |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Chris Umberger, a pre-trial detainee proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Umberger challenges his placement in administrative segregation, the adequacy of the medical treatment he has received, and his lack of access to news, books, newspapers, magazines, visits, and phone calls. After reviewing Umberger's petition, the court concludes that it must be summarily dismissed without prejudice for failing to state a claim under § 2241.[1]

It is well-settled that habeas corpus jurisdiction extends to claims that challenge the legal basis of a prisoner's confinement or its duration, § 2241(c)(3), but does not extend to claims concerning the living conditions a prisoner encounters while in confinement. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [ ] attacks the conditions of the prisoner's confinement. . . ." (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (citation omitted)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the

---

[1] *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases (allowing summary dismissal of habeas petitions when it is clear from the face of the submissions that petitioner is not entitled to relief).

conditions of his prison life, but not to the fact or length of his custody."); *Sanchez v. F.B.O.P.*, No. 7:12cv00371, 2012 U.S. Dist. LEXIS 160075, 2012 WL 5463195, at *1 (W.D. Va. Nov. 8, 2012) (dismissing a claim that staff acted unethically in sending prisoner to SMU program because it did not sound in habeas). Umberger's allegations only challenge his conditions of confinement. Therefore, the court concludes that Umberger's allegations do not present any claims that sound in habeas or provide any ground on which he could be entitled to such relief.[2] Accordingly, the court will summarily dismiss Umberger's habeas petition without prejudice for failing to state a claim upon which the requested relief can be granted.

Entered: February 3, 2016.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] If Umberger wishes to challenge the conditions of his confinement, he may do so through a civil rights action pursuant to 42 U.S.C. § 1983. *See McIntosh*, 115 F.3d at 812. Because Umberger is proceeding *pro se*, the court could liberally construe his pleading as a § 1983 action; however, the court declines to do so because his allegations do not state a § 1983 claim against the named defendant. *See, e.g., West v. Atkins*, 487 U.S. 42 (1988).